PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Tel: 510/832-5001

Attorneys for Plaintiff
STEVE POTTER

HENRY A. PLATT
ROBERT L. DUSTON
SAUL EWING LLP
2600 Virginia Avenue, N.W., Suite 1000
Washington, D.C. 20037
Tel: 202-333-8800

Attorneys for Defendants
CVS PHARMACY, INC.  and
PROCARE PHARMACY LLC

DAVID I. STRONG
BRANSON, BRINKOP, GRIFFITH & STRONG, LLP
643 Bair Island Road, Suite 200
Redwood City, CA 94063
Tel: 650-365-7710

EDWARD J. RODZEWICH
VALERIAN, PATTERSON, STRATMAN & LOVE
1320 Harbor Bay Parkway, Suite 200
Alameda, CA 94502
Tel:  510-521-0612

Attorneys for Defendant
BERKELEY MEDICAL CENTER LP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE POTTER,<br><br>       Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.; PROCARE PHARMACY LLC AND BERKELEY MEDICAL CENTER LP,<br><br>       Defendants. | CASE NO. C09-04786-MEJ<br><br><br>CONSENT DECREE AND [PROPOSED] ORDER |

## CONSENT DECREE AND ORDER

1.      Plaintiff Steve Potter  filed a Complaint in this action ("the Lawsuit") on October 7, 2009,  to obtain recovery of damages for his  alleged discriminatory experiences, denial of access, and denial of his  civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws. The Lawsuit was brought against Defendants CVS Pharmacy, Inc. and its subsidiary Procare Pharmacy LLC (collectively "CVS") and Defendant Berkeley Medical Center LP (collectively with CVS "Defendants").[a] The Lawsuit concerns the accessibility of the medical  office building complex  located at 3031 Telegraph Ave.,  Berkeley, California  commonly know as Berkeley Central Medical Building  ("the Property") and that portion of the Property on the first floor known as Suite 115 and currently leased to CVS ("the CVS Premises").   Plaintiff has alleged that Defendants violated Title III of the ADA and California Civil Code §§ 51, 52, 54, 54.1, 54.3 and 55 of the, and California Health and Safety Code §§ 19955 et seq., by failing to provide full and equal access to certain portions of the Property and to the CVS Premises.

2.      Each of the Defendants  deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The Parties hereby enter into this Consent Decree and Order for the purpose of resolving this Lawsuit without the need for protracted litigation, and without the admission of any liability.

JURISDICTION

3.      The parties to this Consent Decree agree that the Court has jurisdiction of this matter

---

[a] Another named entity, Pharmacare US, Inc., was previously dismissed.

pursuant to 28 USC § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC §§ 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §§ 19955 et seq., including § 19959; Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

4.      In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims.

WHEREFORE, the Parties to this Consent Decree and Order hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

SETTLEMENT OF INJUNCTIVE RELIEF

5.      The Parties have reached an agreement regarding Plaintiff's claims for injunctive relief for the removal of alleged barriers to accessibility identified in his Complaint before this Court. The Defendants will perform the Work specified in Attachment A to this Consent Decree, including Exhibits A1-A2, according to the terms therein. Said Attachment and Exhibits are referenced as if fully set forth herein and comprise the full and complete agreement between the Parties for settlement of all of Plaintiff's claims for injunctive relief.

6.      This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The Parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS

7.      The Parties have reached an agreement regarding Plaintiff's claims for damages,

attorney fees, litigation expenses and costs.  Defendants will pay the amount of $89,000 in full

satisfaction of Plaintiff's claims for all damages including personal injury, civil rights, and all

other form of damages as well as Plaintiff's claims for attorney fees, litigation expenses, and

costs. Defendants will pay one-half this amount on or before August 9, 2010, with the balance

to be paid by August 29, 2010; provided that Defendants have received the signed agreement by

Plaintiff Potter and an  executed IRS Form W-9 prior to the first payment.  Payment(s) shall be

made by check payable to "Paul L. Rein in Trust for Steve Potter."  Defendants will be jointly

and severally liable for these payments.

8.      The payments in Paragraph 7 above represent a compromise of all of Potter's claims in

the Lawsuit.  Potter takes complete responsibility for any tax liability from the receipt of the

payments under this Consent Decree. Potter recognizes that Defendants are  not withholding any

federal or state income taxes. Potter agrees that liability for state or federal income tax payments

or penalties arising from said payment, if any,  shall be Potter's sole responsibility. Potter agrees

to indemnify and to hold harmless all Released Parties from any and all actions, claims or

demands brought by any tax or other authority based upon Potter's tax obligations arising from

the payments to be made pursuant to this Agreement. Defendants, within thirty (30) days of

receiving notice of any claim, assessment, or deficiency notification from any taxing agency

pertaining to the payment of funds under this agreement, shall notify Potter's  counsel, provide a

copy of such claim to Potter's  counsel and cooperate with Potter's counsel to provide such

documentation as necessary to respond to such a claim. An IRS 1099-MISC will be issued to

Potter for the payments.

ENTIRE CONSENT ORDER

9.      This Consent Decree and Order, and Attachment A which is incorporated herein by

reference as if fully set forth in this document, constitutes the entire agreement between the signing parties, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters described herein.

## CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST

10.     This Consent Decree and Order shall be binding on Plaintiff Steve Potter and those acting on Plaintiff's behalf (including heirs, beneficiaries, executor, administrators, successors, agents and assigns); and Defendants CVS Pharmacy, Inc., Berkeley Medical Center LP and their respective successors in interest, subsidiaries, beneficiaries, agents and assigns.  The Parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542

11.     Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed.  Except for all obligations required in this Consent Decree and Order or as otherwise set forth below, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the Lawsuit,  except those losses caused by the Defendant's actions subsequent to the signing of this Consent Decree and  Order.   Therefore, except for all obligations required in this Consent Decree, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions and causes of action by the Parties to this Consent Decree and Order with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or

ascertained, and the provisions of California Civil Code § 1542 are hereby expressly waived.

Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR.

This waiver applies to all of Plaintiff's claims in the Complaint.

12.

      (a)     Except for all obligations required in this Consent Decree, Plaintiff Potter, on his behalf and on behalf of his heirs, executors, assigns and anyone else who has or who could have a claim by through or on his behalf, hereby releases and forever discharges the Released Parties (as defined below) from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit or that were or could have been made in the Lawsuit. The "Released Parties" are defined as each of the Defendants and their respective successors in interest, assigns, parents and subsidiaries (including, but not limited to CVS Pharmacy, Inc. and CVS Caremark Corporation); their respective divisions, related or affiliated companies or organizations; and any and all current, future or former directors, employees, officers, agents, attorneys or contractors of such companies, as well as any other entity (present, future, or former), known or unknown, whom Potter might claim to be liable. Examples of these entities include licensees, lessors, franchisees, franchisors, employees, attorneys, agents, officers, directors, successors, predecessors, subsidiaries, divisions, affiliates, individuals, firms, insurance companies, reinsurance companies and third-party administrators. Plaintiff further agrees that so long as Defendants are complying with the provisions of this Consent Decree, that he waives and releases and covenants not to sue the Released Parties for discrimination based on any barrier in the Property that he may encounter prior to the time the Defendants complete the Work described in Attachment A, if such barrier existed prior to the date of this Consent Decree.

(b)      Each of the Defendants, on their behalf and on behalf of their respective agents, representatives, predecessors, successors, releases and forever discharges Plaintiff Potter from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit or that were or could have been made in the Lawsuit.

TERM OF THE CONSENT DECREE AND ORDER

13.      This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty four  (24) months after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

SEVERABILITY

14.      If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

SIGNATORIES BIND PARTIES

15.      Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.  This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Date: _AUG 2 2010_

Dated: July ___ , 2010

Plaintiff Steve Potter
as authorized by Steve Potter

Dated: _7/30_, 2010

Defendant Berkeley Medical Center LP

David T. O'Neal
By: David O'Neal

Dated: _7/30_, 2010

Defendants CVS Pharmacy, Inc.
and ProCare Pharmacy LLC

By: Glen Howell
Director of Operations

APPROVED AS TO FORM:


Dated: _____, 2010          LAW OFFICES OF PAUL L. REIN


                                    _____
                                    Attorneys for Plaintiff


Dated: _____, 2010          ROBERT L. DUSTON
                                    HENRY AL. PLATT
                                    SAUL EWING LLP
                                    2600 Virginia Avenue, N.W.
                                    Suite 1000
                                    Washington, D.C. 20037

                                    _____
                                    Attorneys for Defendants CVS
                                    Pharmacy, Inc. and Procare
                                    Pharmacy LLC


Dated: 7/ 30_____, 2010

                                    _____
                                    DAVID L. STRONG
                                    BRANSON, BRINKOP, GRIFFITH & STRONG,
                                    LLP
                                    643 Bair Island Road, Suite 200
                                    Redwood City, CA 94063
                                    Tel: 650-365-7710


Dated: 7/30_____, 2010

                                    _____
                                    EDWARD J. RODZEWICH
                                    VALERIAN, PATTERSON, STRATMAN &
                                    LOVE
                                    1320 Harbor Bay Parkway, Suite 200
                                    Alameda, CA 94502
                                    Tel:  510-521-0612

                                    Attorneys for Defendant
                                    BERKELEY MEDICAL CENTER LP

ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED. The Clerk of Court shall close the file.

Dated: <u>August 17</u>, 2010

Judge Maria-Elena James

## ATTACHMENT A

Plaintiff Steve Potter and Defendants Berkeley Medical Center LP and CVS Pharmacy, Inc ("CVS") (collectively Defendants") agree to the following terms and conditions in settlement of Plaintiff's claims for injunctive relief in the above-cited Lawsuit.

**Part I          General Terms and Conditions**

1.       The Parties agree that the following structural changes described in this Attachment and Exhibits (collectively "Work") and modification of policies will be undertaken to eliminate alleged barriers at Berkeley Central Medical Building, which is the subject Property for the above-cited Lawsuit.

2.       All of the Work will be done in compliance with the standards and specifications for access as set forth in the California Code of Regulations, Title 24-2 ("Tit. 24-2") and the Americans with Disabilities Act applicable at the time the Work  is undertaken.

3.       Work undertaken by Defendants pursuant to this Consent Decree will be completed within the timelines set forth in Parts II and III below. These timelines may be extended by Defendants for reasons outside the control of Defendants, e.g. force majeure, weather and other acts of God, and inability to get permits or approvals in a timely fashion. Any Defendant responsible for work that encounters a delay will notify Plaintiff's counsel of any delays within 15 days of discovering the delay, the reason for the delay and the new anticipated date for completion of the delayed work.

4.       In the event that a Defendant  is unable to obtain the necessary approvals from the governing authorities,  Defendants shall notify Plaintiff in writing in the event they cannot obtain necessary approvals and provide Plaintiff information as to Defendants' due diligence in seeking approval from governing agencies and the Parties agree to meet and confer for a period

of not less than 45 days. If the Parties are unable to resolve their agreement,, they shall return to the Court for further guidance and direction.

5.     Defendants will provide Plaintiff's counsel with a status report on barrier removal within six months of the Court's approval of the Consent Decree and Order.  Upon completion of the Work, Defendants shall notify Plaintiff. Plaintiff may make an inspection of the barrier removal, at its own expense to determine if Defendants have complied with the terms of the Consent Decree and Order. Plaintiff shall have 60 days from notice of completion to make such inspection and to notify Defendants of any objections to that Work.

6.     The Defendants have or will enter into a separate  agreement regarding responsibility for and/or payment for the Work or other obligations under this Consent Decree. Nothing in any such agreement will affect or diminish the Defendants' obligations under this Consent Decree toward the Plaintiff.

**Part II:  Scope of Work on the Property Other than the Entrance to the CVS Premises.**

A.     Defendant Berkeley Medical Center agrees that it will be obligated to do the following corrective work identified in the attached Exhibit A-1-A-2 (Report of Plaintiff's expert Jonathan Adler), Section VI, Nos. 3-14 (excluding the figures) to address those barriers identified in Section V, Subsections A; B Items 6-11, and C.

B.     Defendant Berkeley Medical Center shall submit permits (if required by law) for such Work within ninety (90) days of the signing  of this Consent Decree, and shall commence that Work within sixty (60) days of receipt of permits by the applicable local governmental agencies. All work not requiring permits shall be completed within sixty (60)  days of entry of this Consent  Decree.

**Part III:  Issues Relating to Access to the CVS Premises**

A.     Accessibility of the Premises.

Plaintiff stipulates that his expert did not identify any barriers within the CVS Premises.

B.     Accessible Entrances to the CVS Premises from the Office Building.

1.     The Parties stipulate that the main entrance to the Berkeley Medical Center Lobby from Webster Street  is accessible to and usable by persons with disabilities so long as that entrance is unlocked.  CVS has represented that the main entrance to its pharmacy, which opens onto the lobby, is unlocked at all times that the pharmacy is open.

2.     Defendants agree to the following during the period from the entry of the Consent Decree until CVS ceases operating on weekends (scheduled for October 2011) or until the Work in Part III ( C) is completed, whichever is sooner:

(a)     CVS will prepare and  install new signage at  the Webster Street entrance indicating that it is the accessible entrance to the CVS Premises, and indicating that in the event the door is locked, to call the pharmacy and provide the number. Similar signage shall be posted at the parking lot entrance. CVS shall also provide directional signage at the Telegraph Ave. entrance to use Webster Street.

(b)     Defendants  shall ensure  that both of the Webster Street and parking lot entrances are  open at all hours that the pharmacy is open.

(c)     CVS agrees to adopt procedures and to train its employees to ensure that in the event that those exterior doors are locked (e.g. through inadvertence or exigent circumstances) that upon knowledge of such condition  that its employees will assist CVS customers by unlocking those doors to provide an accessible entrance, and then will ensure (in cooperation with Berkeley Medical Center or its agents) that the doors to the lobby are re-locked when the pharmacy closes.

C.    Access to the Pharmacy from Telegraph Ave. Entrance

Defendants Berkeley Medical Center and CVS Pharmacy, Inc., agree to provide an accessible entrance on Telegraph Ave.  Defendants may use their discretion in the design of the accessible entrance to the CVS Premises, provided that it meets all Title 24 and ADA requirements. Defendants shall submit for permits for such Work within ninety (90) days of the signing of this Consent Decree, and shall commence that Work within sixty (60) days of receipt of permits by the applicable local governmental agencies.